IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NANCY J. ROHE and ROBERT ROHE, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 8:21-cv-3 ) ) |
| MONSANTO COMPANY, | ) ) |
| Defendant. | ) ) ) |

### DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *Nancy J. Rohe, et al. v. Monsanto Company*, bearing case number CI 20-0000376, from the District Court of Gage County, Nebraska to the United States District Court for the District of Nebraska.  Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### Introduction

1.  In this products liability lawsuit, Plaintiffs Nancy Rohe and Robert Rohe sue Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient.  For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control.  Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries.  Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental

Protection Agency repeatedly has concluded that glyphosate does not cause cancer – including as recently as January 2020.  Nevertheless, Plaintiffs allege that Mrs. Rohe developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto's glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides.  A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407.  *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship.  Plaintiffs are Nebraska citizens.  For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation).  Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332.  The statutory amount-in-controversy requirement is also satisfied because Plaintiffs seek damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## Background And Procedural History

4. Plaintiffs commenced this lawsuit in the District Court of Gage County, Nebraska by filing a Complaint, captioned *Nancy J. Rohe, et al. v. Monsanto Company*, case number CI 20-0000376, on or about November 30, 2020 (the "State Court Action").

5.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action (and other filings available from the state court's files) are attached collectively as **Exhibit 1**. Plaintiffs seek damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 1, 4-6, 57-58, 63, 79, 93, 97.18, 120-22, 124-25, 129-30.

### Basis For Removal – Diversity Jurisdiction

6.  According to the Complaint, Plaintiffs are, and were at the time the State Court Action was filed, Nebraska residents and citizens. *See* Complaint ¶¶ 4, 7, 9, 57-58, 65, 124-25, 127.

7.  Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

8.  The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Mrs. Rohe to develop cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact,

numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

9. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship between Plaintiffs and Monsanto, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### **Procedural Requirements**

10. The District Court of Gage County, Nebraska is located within the District of Nebraska. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

11. Monsanto received notice of process in the State Court Action on December 2, 2020. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of December 2, 2020 (taking into account the additional time provided by Rule 6 of the Federal Rules of Civil Procedure when the last day of a deadline falls on a holiday and/or weekend day).

12. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the District Court of Gage County, Nebraska and will be promptly served on Plaintiffs.

13. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

14. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

**Conclusion**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: January 4, 2021

        Respectfully submitted,

        MONSANTO COMPANY, Defendant.

        By: /s/ Michael K. Huffer
            Michael K. Huffer – 18087
            Ronald F. Krause – 15980
            CASSEM TIERNEY ADAMS
              GOTCH & DOUGLAS
            9290 West Dodge Road, Suite 302
            Omaha, Nebraska 68114-3320
            Tel. (402) 390-0300
            mhuffer@ctagd.com
            rkrause@ctagd.com
            *Attorneys for Defendant Monsanto Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Domina
Domina Law Group PC LLO
2425 S. 144th Street
Omaha, NE 68144

        /s/ Michael K. Huffer